UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SUSAN PFANNENSTIEL, et al.,                    )
                                               )
                     Plaintiffs,               )
                                               )
v.                                             )        Case No. 21-4006-HLT
                                               )
STATE OF KANSAS, et al.,                       )
                                               )
                     Defendants.               )

## **ORDER**

Defendants have filed a motion to stay discovery and other pretrial proceedings (ECF No. 53) pending a ruling on their motions to dismiss (ECF Nos. 42, 44, 46, 48, and 50).  Plaintiff does not oppose the motion.  For good cause shown, the motion is granted.

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending.[1]  But four exceptions to this policy are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a

---

[1] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

O:\ORDERS\21-4006-HLT-52.DOCX

defendant's immunity from suit.[2]  The decision whether to stay discovery rests in the sound discretion of the district court.[3]   As a practical matter, this calls for a case-by-case determination.

The court has reviewed the record, the instant motion, and the pending dispositive motions.  The court concludes that a brief stay of all pretrial proceedings is warranted until the court resolves defendants' dispositive motions.   First, certain defendants assert qualified immunity in their motions to dismiss.  Defendants are generally entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[4]  "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[5]   Second,  the motions to dismiss are potentially claim dispositive and could result in the dismissal of at least two parties.  In

---

[2] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990)); *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991) ("'Until this *threshold* immunity question is resolved, discovery should not be allowed.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis in original)).

[3] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[4] *Siegert*, 500 U.S. at 232–33.

[5] *Id.* at 232; *see also Gallegos v. City and Cnty. of Denver*, 984 F.2d 358, 361 (10th Cir. 1993) ("A successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability." (citing *Harlow*, 457 U.S. at 817–18)).

˘2˘

addition, the court finds that a ruling on the dispositive motions could narrow this case, making discovery at this point wasteful and burdensome.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1)      The motion to stay is granted.

2)      All pretrial proceedings in this case, including discovery, are stayed until further order of the court.

3)      Within 14 days of the ruling on the last pending motion to dismiss, counsel for all parties remaining in the case shall confer and submit an updated Rule 26(f) planning-meeting report to the undersigned's chambers.

Dated September 17, 2021, at Kansas City, Kansas.


 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

˘3˘